1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA

10          San Francisco Division

11  ELIJAH DOMINGUEZ,                    Case No. 23-cv-03669-LB

12          Plaintiff,                   **SCREENING ORDER**

13      v.                               Re: ECF No. 1

14  JOHN ALLAN ABACI, et al.,

15          Defendants.

16

17                              **INTRODUCTION**

18      The plaintiff Elijah Dominguez, who represents himself and is proceeding in forma pauperis,

19  sued an attorney, John Allan Abaci, along with a variety of other individuals connected to the

20  Martinez Police Department. The plaintiff alleges that the Martinez Police Department violated

21  the First Amendment and the California Public Records Act (CRPA) by failing to provide

22  sufficient records relating to his arrest that happened on September 23, 2019. Before directing the

23  United States Marshal to serve the defendants with the complaint, the court must screen it for

24  minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The police department's alleged failure to

25  provide records in response to the plaintiff's public-records requests is not a constitutional

26  violation, and the court lacks diversity jurisdiction over the state claim under the CPRA. In this

27  order, the court identifies the complaint's deficiencies and allows the plaintiff an opportunity to

28  amend the complaint.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**STATEMENT**

The plaintiff alleges generally that the City of Martinez is concealing records related to a September 23, 2019 arrest of the plaintiff.[1] He attaches to the complaint the Martinez Police Department's responses to his records requests dated June 29, 2023, and July 4, 2023, an email describing the arrest, a "motion in support of [the] complaint," the Martinez Police Department's response to his records request dated November 21, 2022, and California Secretary of State filings regarding the Martinez Police Officers' Association.[2]

The email attachment is dated November 14, 2022, from Martinez Police Department Interim Chief Dan Pratt. The email describes a domestic-violence incident on September 23, 2019, involving the plaintiff and an unnamed woman in which officers responded to a report that the plaintiff grabbed the woman's throat, the officers used "minimal" force to take the plaintiff into custody, and a judge granted an emergency domestic-violence protective order against the plaintiff. Chief Pratt advised that, if the plaintiff wanted to seal the case record, he would need a court order.[3]

In his "motion in support," the plaintiff contends that the City "has a recognized pattern of abuse of the [CPRA]." This is shown by the City's response to the plaintiff's November 2022 records request, where the City "failed to disclose the audio and body camera footage" from the plaintiff's September 2019 arrest where "there was use of force against [him]." According to the plaintiff, "the body camera footage was sought according to [A]ssembly [B]ill 1953 [S]ection 3 and a pair of laws passed in 2018, [Senate Bill] 1421 and [Assembly Bill] 748, [which] changed the way [body-worn-camera] data must be treated when recordings relate to certain defined incidents." The plaintiff also contends that "the records are subject to [disclosure] according to

---

[1] Compl. – ECF No. 1 at 4 (¶ C). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Letters, Exs. A–B to Compl. – ECF No. 1 at 7–9; Email, Ex. C to *id.* – ECF No. 1 at 10; Mot. in Supp. – ECF No. 1-1 at 1–3; Letter – ECF No. 1-1 at 4–5; Cal. Sec'y of State Filings – ECF No. 1-1 at 6–8.

[3] Email, Ex. C to Compl. – ECF No. 1 at 10.

*Goodin v. City of Glendora*[,] where the judge found that the investigation was no longer open and the police department violated the [CPRA] by improperly denying the plaintiff['s] request."[4]

In the complaint, the plaintiff similarly alleges that "on June 29, 2023, the City of Martinez sought to conceal records[,] claiming investigative [privilege] on the records request [related to] September 23, 2019." Citing *Goodin v. City of Glendora*, he contends that the investigation was closed and therefore no investigative privilege applies.[5]

The June 29, 2023, response from the police department summarizes the plaintiff's records request that he submitted that day for materials generally related to the September 23, 2019, domestic-violence incident. The requested material included video footage, internal memos, and the personnel files of Officer Rocco Lucido and Sergeant Steven Gaul. The police department provided some material but denied other portions of the request on various grounds, such as that that no records were located and the request sought records of investigations under Cal. Gov't Code § 7923.615.[6]

The July 4, 2023, response informed the plaintiff that his complaint (which he submitted twice on June 23 and 27, 2023) involved the same misconduct that the plaintiff had previously complained about (on an unspecified date). The department had already notified the plaintiff of the outcome on December 1, 2020.[7]

The plaintiff's motion in support of the complaint also asserts that "he is entitled to declaratory and injunctive relief" under Cal. Gov't Code § 6258 in relation to an "injury" he suffered on March 27, 2023, "where the City of Martinez violated [Cal. Gov't Code § 6250] by refusing to allow access to public records." The plaintiff's records request had included "the tax returns and other records of a public entity[,] the Martinez police non-sworn employee association and the Martinez police officer association." The City responded "that they have no responsive records," even though the plaintiff had named officers who are "connected" to those entities. The City also

United States District Court
Northern District of California

---

[4] Mot. in Supp. – ECF No. 1-1 at 2–3.

[5] Compl. – ECF No. 1 at 4 (¶ C).

[6] Letter from Donna Sparacino, Ex. B to Compl. – ECF No. 1 at 8–9.

[7] Letter from Andrew White, Ex. A to Compl. – ECF No. 1 at 7.

"put [a] limitation on access . . . based upon the purpose of the request[,] in violation of [Cal. Gov't Code § 6257.5]." And according to the plaintiff, Cal. Gov't Code § 6254.8 establishes that the contract between the City and the police associations "is subject to disclosure."[8]

The Martinez Police Department's response to the plaintiff's November 2022 records request mentioned only the tax and financial records of the police associations. The department stated that the associations "are private labor organizations" and the department "does not maintain or have access to the tax records of these organizations." The department provided a link to the labor agreement between the City and the organizations.[9]

The plaintiff also alleges that the law firm Colantuono, Highsmith & Whatley "abused [their] license when getting a workplace violence restraining order."[10]

The plaintiff claims violations of the First Amendment (under 42 U.S.C. § 1983) and the CPRA.[11] He seeks declaratory and injunctive relief and nominal damages.[12]

## STANDARD OF REVIEW

A complaint filed by a person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory sua sponte review and dismissal by the court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Under § 1915(e)(2), a court reviewing an in forma pauperis complaint must rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1126–27. "The language of § 1915(e)(2)(B)(ii)

---

[8] Mot. in Supp. – ECF No. 1-1 at 1–2.

[9] Letter – ECF No. 1-1 at 4–5.

[10] Compl. – ECF No. 1 at 4 (¶ C).

[11] *Id*. at 3 (¶¶ A–B), 5 (§ IV); Mot. in Supp. – ECF No. 1-1 at 3 (claiming violation of his "constitutional rights by interfering with his efforts [to] gain access to public record[s]").

[12] Compl. – ECF No. 1 at 5 (§ V).

parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed

1  factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which

2  "requires more than labels and conclusions;" a mere "formulaic recitation of the elements of a

3  cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

4      In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily

5  limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980

6  (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences

7  drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d

8  336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts

9  that [he or she] has not alleged." *Associated Gen. Contractors of California, Inc. v. California State

10  Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true

11  allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

12  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (cleaned up).

13      Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9

14  (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only

15  provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*,

16  413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments

17  show that he may be entitled to some relief. *Id.* at 1041.

18      When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a

19  district court should grant leave to amend even if no request to amend the pleading was made,

20  unless it determines that the pleading could not possibly be cured by the allegation of other facts."

21  *Lopez*, 203 F.3d at 1130 (cleaned up).

22                                      **ANALYSIS**

23      The complaint is about the plaintiff's requests for records related to his September 2019 arrest

24  (particularly the body-worn-camera footage). Based on the defendants' alleged failure to

25  adequately furnish records, the plaintiff claims violations of the First Amendment and the CPRA.

26      The First Amendment does not "mandate[] a right of access to government information or

27  sources of information within the government's control." *Houchins v. KQED, Inc.*, 438 U.S. 1,

28  14–15 (1978); *Hammerlord v. Elliott*, No. 23CV663-JO-KSC, 2023 WL 3940109, at *2 (S.D. Cal.

United States District Court
Northern District of California

June 9, 2023) ("[T]he refusal to provide public records is not a constitutional violation."). Thus, courts have rejected challenges to "defendants' responses to [a] plaintiff's CPRA requests via a civil rights action pursuant to 42 U.S.C. § 1983." *Brooks v. Vallejo City Unified Sch. Dist.*, No. 2:12-CV-1466-GEB-EFB, 2013 WL 943460, at *4 (E.D. Cal. Mar. 11, 2013), *R. & R. adopted*, 2013 WL 1330516 (E.D. Cal. Mar. 29, 2013). Nor would a federal Freedom of Information Act claim be viable against state-government entities. *Alo v. Clovis Police Dep't*, No. 1:23-cv-00273-EPG, 2023 WL 2413720, at *1–2 (E.D. Cal. Feb. 28, 2023).

The CPRA does provide for a private right of action. *Brooks*, 2013 WL 943460, at *4; Cal. Gov't Code § 7923.100. But that is a state-law claim, and without any federal claim, the court would need to have diversity jurisdiction to hear the state-law claim. 28 U.S.C. § 1367(a); *Johnson v. City of San Jose*, 591 F. Supp. 3d 649, 670–71 (N.D. Cal. 2022) (declining to exercise supplemental jurisdiction over a CPRA claim even where there was a viable § 1983 claim, but notplaining "that there is somewhat of a split of authority over whether federal courts may exercise supplemental jurisdiction over CPRA claims") (collecting cases).

That said, the court will explain some of the CPRA issues raised by the plaintiff in regard to the records related to his September 2019 arrest. He mentions Senate Bill 1421, for example. That law, which went into effect on January 1, 2019, "revised the state's law on privilege and confidentiality of peace officer personnel records." *Kahaku v. Wallace*, No. 2:20-CV-1807 KJN P, 2022 WL 2333725, at *4 n.5 (E.D. Cal. June 28, 2022). Specifically, it "amended [Cal.] Penal Code [§] 832.71 to allow disclosure under the [CPRA] of records relating to officer-involved shootings, serious use of force and sustained findings of sexual assault or serious dishonesty" by an officer. *Ventura Cnty. Deputy Sheriffs' Ass'n v. Cnty. of Ventura*, 61 Cal. App. 5th 585, 589 (2021).

The plaintiff also mentions Assembly Bill 748. That law took effect on July 1, 2019, and "requires not only that all police departments in the state be equipped with [body-worn cameras], but also that they release 'critical incident' [body-worn camera] recordings within 45 days of the recorded incident." Steve Zansberg, *Public Access to Police Body-Worn Camera Recordings (Status Report 2020)*, Commc'ns Law., Fall 2020, at 51; Cal. Gov't Code § 7923.625. A "critical incident" is one "involving the discharge of a firearm at a person by a peace officer" or one "in

United States District Court
Northern District of California

1    which the use of force by a peace officer . . . against a person resulted in death or in great bodily

2    injury." Cal. Gov't Code § 7923.625(e).

3         The plaintiff also contends that under *Goodin v. City of Glendora*, the Martinez Police

4    Department shouldn't be withholding records related to his arrest because there is no longer an

5    active investigation. 380 F. Supp. 3d 970 (C.D. Cal. 2019). There, the court denied summary

6    judgment on the plaintiff's CPRA claim, holding that "a reasonable jury could find that the

7    investigation was no longer open and that defendants violated the CPRA by improperly denying

8    [the] plaintiff's" requests. *Id.* at 996–97. Generally, though, "[a]n agency may withhold a record of

9    [a critical incident] that is the subject of an active criminal or administrative investigation" under

10   certain conditions. Cal. Penal Code § 832.7(b)(8). With respect to "complaints or requests for

11   assistance received by" law-enforcement agencies, records may be withheld "to the extent that

12   disclosure . . . would endanger the safety of a person involved in an investigation or would

13   endanger the successful completion of the investigation or a related investigation."[13] Cal. Gov't

14   Code § 7923.615(a); *id.* § 7923.610 (records of an arrest may be withheld on the same grounds).

15        The court next explains why it lacks jurisdiction to hear the CPRA claim.

16        Federal courts are courts of limited jurisdiction. *E.g.*, *Owen Equip. & Erection Co. v. Kroger*,

17   437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case

18   unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville

19   Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). The plaintiff bears the burden of proving that his case

20   is within federal jurisdiction. *See, e.g.*, *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952,

21   957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

22        There are two ways to establish the court's jurisdiction: federal-question jurisdiction and

23   diversity jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There is federal-

24   question jurisdiction if the case "aris[es] under the Constitution, laws, or treaties of the United

25   States." 28 U.S.C. § 1331. For diversity jurisdiction, the opposing parties must be citizens of

26

27

28   _____
     [13] Letter from Donna Sparacino, Ex. B to Compl. – ECF No. 1 at 8 (invoking § 7923.615 in response
     to the plaintiff's records request).

1    different states, and the amount in controversy must exceed $75,000. *Id.* § 1332(a). The Supreme

2    Court has interpreted § 1332(a) to require "complete diversity of citizenship" — that is, each

3    plaintiff must be a citizen of a different state than each defendant. *Caterpillar Inc. v. Lewis*, 519

4    U.S. 61, 68 (1996).

5        Here, all parties are citizens of California.[14] They thus are not diverse, and the court lacks

6    diversity jurisdiction. If the plaintiff wants to pursue his public-records claim, he could file a

7    lawsuit in state court rather than federal court. Cal. Gov't Code § 7923.100.

8        The court will nonetheless give the plaintiff an opportunity to amend, given the variety of

9    allegations. For example, the plaintiff alleges that during his September 2019 arrest, the officers

10   used force on him. If the plaintiff wants to pursue a claim for excessive force or another claim

11   related to his arrest or restraining orders, he must explain more fully what happened to him.

12

13                                           **CONCLUSION**

14       The plaintiff's public-records-request claim likely belongs in state court. But because the

15   complaint has other allegations, the court allows him an opportunity to amend his complaint to

16   explain more fully what happened to him. The alternative is to file a one-page notice of voluntary

17   dismissal, which will operate as a dismissal without prejudice to the plaintiff's filing a lawsuit in

18   state court with any state claims he might raise against the defendants.

19       If the plaintiff does not file an amended complaint or a notice of dismissal by September 11,

20   2023, the court will reassign the case and recommend dismissal.

21

22       **IT IS SO ORDERED.**

23       Dated: August 13, 2023

24                                                         LAUREL BEELER
                                                           United States Magistrate Judge
25

26

27

28   [14] Compl. – ECF No. 1 at 2–3 (§ I).

United States District Court
Northern District of California